No. 33,610

Elba Graves, *Appellant,* v. H. E. Marshall et al. (*Defendants*) and Mary Martin, *Appellee.*

(75 P. 2d 271)

Opinion filed January 29, 1938.

*C. W. McVickers,* of Wichita, for the appellant.

*Charles C. Calkin,* of Kingman, *George McGill, Harry C. Castor, Victor J. Rogers* and *Oliver A. Witterman,* all of Wichita, for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action to foreclose a mortgage. Judgment was for defendant. Plaintiff appeals.

The petition was filed September 24, 1936. It alleged the making of the mortgage on September 25, 1931, to the Wheeler-Kelly-Hagny Trust Company, and that the mortgage had been duly assigned to plaintiff, and that the note and mortgage were long past due and that the mortgage was still a valid lien on the real estate in question.

Various parties were named defendants, but they all defaulted except Mary Martin. The prayer was for a foreclosure of the mortgage and that the property be sold to satisfy it.

Mary Martin answered first with a general denial. She then admitted the execution and existence of the mortgage, but denied that plaintiff was the owner of it.

The answer further alleged that the defendant believed that the mortgage had been paid by one Martin, a codefendant in the action, but that if Martin had not paid off the mortgage he was still the owner of it, and that on account of facts to be set out in the answer the mortgage did not constitute a lien on the real estate in question.

The answer then alleged that defendant became possessed of the real estate in question in a property settlement with Martin at the time she was divorced from him; and that while the record at that time showed the mortgage in question, Martin, soon after the transfer, satisfied it, and that it should be canceled.

The answer then alleged that at the time of the property settlement Martin falsely represented to defendant the amount of the lien against the property on account of the mortgage, and that Martin knew at that time that the mortgage could be canceled by him by the expenditure of a small sum of money, and that either prior to the property settlement or soon thereafter the mortgage indebtedness was paid, although it was not released of record.

The answer further alleged that on or about February 23, 1936, defendant filed an action in the district court of Sedgwick county against Martin, the Wheeler-Kelly-Hagny Trust Company and other defendants for the purpose of quieting her title to the real estate involved here; that personal service was obtained upon Martin and the other defendants; that an entry of appearance was filed by the Wheeler-Kelly-Hagny Trust Company, which company disclaimed any interest in the real estate; that on May 15, 1936, judgment was rendered in the quiet-title action, quieting the title of Mary Martin in the real estate, and that plaintiff in this action had knowledge of the pendency of the action to quiet title and made no appearance in it.

The answer then alleged that by reason of the facts pleaded all the controversies in this action had been fully litigated.

In reply plaintiff denied that he had ever had any connection with Martin, or that he had perpetrated any fraud in the matter, and denied that Mary Martin had quieted her title to the real estate in question against plaintiff.

The plaintiff, Graves, took the stand and testified about the mortgage being assigned to him by the trust company December 24, 1932.

Mrs. Mary Martin, the defendant, testified that she acquired the property about August, 1933; that at the time her husband conveyed the property to her he had promised to pay the mortgage in question; that she went to the office of the register of deeds and found this mortgage on record against the property in the name of the Wheeler-Kelly-Hagny Trust Company; that she thereupon went to the office of the trust company and inquired, and they told her the mortgage had been paid; that thereupon she had her lawyer

bring an action to quiet title. She introduced the files in the quiet-title action.

The petition in the suit to quiet title alleged that all the parties named defendant claimed some interest in the real estate. It did not allege that the mortgage had been paid. It will be noted that the trust company was made a party to the quiet-title action and filed a disclaimer of any interest. At that time the records in the office of the register of deeds showed the mortgage in the name of the trust company. The journal entry of judgment quieted her title as to the defendants named in the action. Plaintiff was the owner of the mortgage at that time, but he was not named as a party defendant.

The trial court found first that there was no fraud in the case. It then found that the plaintiff had not recorded his assignment of the mortgage; that defendant had searched the records of the office of the register of deeds for all adverse rights or encumbrances against the property and found none that related to the plaintiff; that she had exercised all diligence required of her; that she had no notice by record or otherwise that plaintiff was the owner of the note and mortgage; that she inquired of the proper officials of the Wheeler-Kelly-Hagny Trust Company as to the note and mortgage and was informed by them that it had been paid.

The trial court held that the proceedings in the suit to quiet title were regular and that defendant in this action relied upon them and that plaintiff should not recover against her.

Plaintiff has appealed from that judgment. Succinctly stated, the position of defendant is that when she examined the records in the office of the register of deeds and found the mortgage on record there in the name of the Wheeler-Kelly-Hagny Trust Company and then inquired of that company and was told that the mortgage had been paid, she could then bring a quiet-title action against the record holder of the mortgage and thereby quiet her title as to this mortgage without making the assignee of the mortgage a party to the action. The theory is that the quiet-title action rendered this mortgage foreclosure res judicata. At the outset of the discussion it should be noted that defendant had notice of the existence of this mortgage at the time she obtained title to the real estate. The mortgage had been assigned to plaintiff before defendant brought her suit to quiet title and she did not allege in that suit that the mortgage had been paid.

This is not a case where the owner of real estate has made a payment of a mortgage to the record holder of the mortgage. There is no contention that the mortgage in the hands of the assignee was not valid or that it had been paid. The failure of the assignee to record the assignment did not affect its validity. The recording statute is for the protection of people who acquire an interest in real estate without notice of any encumbrance against the real estate. Such being the case, the defendant asks us to hold that the owner of a valid mortgage could be barred from a right to foreclose it by a judgment in an action to which he was not a party and in which the mortgage was not mentioned. The rule is laid down in 34 C. J. 959 as follows:

"Subject to the rules stated above the judgment is not conclusive as to matters not in issue and determined, or which could not be determined; it affects only . . . the parties impleaded and before the court as interested in such land, or their privies."

There is nothing new about this rule. It applies the general principle of *res judicata* to actions to quiet title. When they are applied to this case we are forced to the conclusion that the judgment in the action to quiet title had no effect whatever on the mortgage of plaintiff.

The judgment of the trial court is therefore reversed, with directions to render judgment for plaintiff foreclosing his mortgage.